James T. Castle v. Commissioner.
Castle v. Commissioner
Docket No. 10508.
United States Tax Court
1947 Tax Ct. Memo LEXIS 138; 6 T.C.M. (CCH) 863; T.C.M. (RIA) 47205; July 16, 1947
*138 William G. Heiner, Esq., 1321 Park Blvd., Pittsburgh 22, Pa., for the petitioner. Brooks Fullerton, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: A deficiency in income and victory tax for the year 1943 of $94.39 is in controversy in this proceeding. The issue is the deductibility as a bad debt of an amount of $5,598 (reduced to $1,000 by reason of Internal Revenue Code, section 117 (d) (2)) of an advance originally made in 1903 and claimed to have become worthless in the present year. Findings of Fact Petitioner filed his tax return with the collector for the twenty-third district of Pennsylvania. As a result of various prior advances totaling $5,598, a consolidated promissory note was endorsed on May 4, 1909, by Henry H. Seabrook, a long-time personal friend of petitioner. The note also included some interest theretofore due. In 1914 Seabrook's mother, the original primary obligor, became ill, and Seabrook assumed the liability and gave his note to petitioner. The note was renewed from time to time, and in 1937, most of the interest was eliminated and an acknowledgment of the indebtedness was given *139 in the amount of $7,000. A new acknowledgment in the same amount was substituted on May 10, 1943. Seabrook was employed by Westinghouse Electric and Manufacturing Company for 43 years. His highest salary was $10,000 a year. About 1939 Seabrook, who was then 65 years of age, arranged with his employer for his continuation in an active duty status for the three years intervening before he became 68, at compensation based upon what he would receive when he retired. On January 30, 1942, Seabrook retired on a pension of $218.50 a month, and received in addition $42.40 a month as Social Security Old Age pension. His income from 1939 on has been approximately $3,000 a year. Up to 1943 Seabrook continued to seek other employment and expected to be able to obtain it. In 1943, after a final interview with the head of the United States Employment Service, Seabrook became convinced that he was unable to find employment and ceased his efforts in that direction. Seabrook's personal living expenses exceed his income. He has no other transferable property or other source of income. In 1943, because of the imminent expiration of the period of limitation, petitioner employed an attorney to collect *140 the Seabrook account. The attorney was unsuccessful and in December, 1943, he advised petitioner to treat the indebtedness as worthless, which petitioner did in the same year. The indebtedness due petitioner from Seabrook in the amount of $5,598 became worthless in 1943. Opinion The sole question is whether petitioner's debt from Seabrook became worthless in the year 1943. Respondent has filed no brief and requested no findings of fact contrary to those submitted by petitioner. On the record it is evident that there was some prospect of collecting the debt until the year 1943, when both petitioner and the debtor concluded that the debt was uncollectible, and the prospect of the debtor's acquisition of assets out of which at least some part of the debt could have been paid finally disappeared. We are satisfied from the evidence that the debt became worthless in 1943, and hence was deductible in that year as a bad debt. Decision will be entered under Rule 50.